UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN E. FIELDS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>T. LLOREN, et al.,<br><br>　　　　　　Defendants. | CASE NO.　1:09-cv-1733-MJS (PC)<br><br>ORDER DISMISSING PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 1)<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

　　　Plaintiff Kevin Fields ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on October 2, 2009. His original Complaint is currently before the Court for screening. For the reasons explained below, the Court finds that Plaintiff's Complaint fails to state a claim upon which relief could be granted.

**I.　SCREENING REQUIREMENT**

　　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be

granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

## II.  PLAINTIFF'S ALLEGATIONS

Plaintiff is a prisoner currently housed in the secured housing unit at Corcoran State Prison in Corcoran, California. He brings this action against the following Defendants: T. Lloren, M. Kimbrell, J. Jones, A. Morrison, C.D. Battles, A.C. Garcia, and Does 1-25, who are all employees of the CDCR at Corcoran.

The entirety of the factual allegations in this case are as follows:

> 9.) Defendants T. Lloren, A. Morrison, D.C. Battles, R.C. Garcia, M. Kimbrell, J. Jones conspired inter se to retaliate against Plaintiff for exercising his rights to file and maintain lawsuits against prison officials, which is a protected cnduct within the meaning of the fist amendment to the United States Constitution.
>
> 10.) As direct result of the Defendants' actions, I suffered a violation of my constitutional rights resulting in actual injuries in Criminal Case No. 08cm7005 Superior Court County of Kings.

(ECF No. 1 at 2.) Plaintiff asks the Court for a declaratory judgment stating that he has the right to file and maintain lawsuits, to enjoin Defendants from violating his constitutional rights, for compensatory, punitive, and nominal damages, and costs and attorneys fees.

## III. ANALYSIS

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir.1987).

### A. Retaliation

Plaintiff alleges that Defendants retaliated against him for exercising his First Amendment right to file and pursue litigation. He claims that this retaliation interfered with his ability to prosecute a criminal action in Kings County Superior Court.

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the Court may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985). A prisoner retaliation claim based on the First Amendment has five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

The allegations in Plaintiff's Complaint fail to meet these requirements or state a claim. Most significantly, Plaintiff has not alleged how the Defendants retaliated against him. There is no indication of what adverse action, if any, the named Defendants took against Plaintiff. Plaintiff also fails to allege that the allegedly retaliatory activity was unrelated to a legitimate correctional goal.

The Complaint is devoid of facts necessary to state a retaliation claim. Plaintiff will be given leave to amend his claims to attempt to allege sufficient facts to address the five elements of a retaliation claim outlined above.

### B.  Personal Participation of Defendants

Under Section 1983, Plaintiff must demonstrate that each named Defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). The Supreme Court has emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal, 129 S.Ct. at 1949. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Id. at 1948. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct. Therefore, Plaintiff must demonstrate that each Defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Id. at 1948-49.

In order to establish liability against a supervisor, a plaintiff must allege facts demonstrating (1) personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Jeffers v. Gomez, 267 F.3d 895, 915 (9th Cir. 2001); Wesley v. Davis, 333 F.Supp.2d 888, 892 (C.D.Cal. 2004). The sufficient causal connection may be shown by evidence that the supervisor implemented a policy so deficient that the policy itself is a repudiation of constitutional rights. Wesley, 333 F.Supp.2d at 892 (internal quotations omitted). However, an individual's general responsibility for supervising the operations of a prison is insufficient to establish personal involvement. Id. (internal quotations omitted).

In this case, Plaintiff fails to tie any particular act to a named Defendant. A general allegation that the Defendants acted in a particular manner is insufficient to state a claim. In his Amended Complaint, he must allege plausible facts showing how each Defendant personally participated in the violation of his constitutional rights.

### C. Doe Defendants

Plaintiff names John Does 1 through 25 as Defendants in this action. "As a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). "It is permissible to use Doe defendant designations in a complaint to refer to defendants whose names are unknown to plaintiff. Although the use of Doe defendants is acceptable to withstand dismissal of a complaint at the initial review stage, using Doe defendants creates its own problem: those persons cannot be served with process until they are identified by their real names." Robinett v. Correctional Training Facility, 2010 WL 2867696, *4 (N.D.Cal. July 20, 2010). Plaintiff is advised that the John Doe defendants can not be served by the United States Marshal until Plaintiff has identified them as actual individuals and amended his complaint to substitute the Defendants' actual names. The burden remains on Plaintiff to promptly discover the full names of Doe Defendants; the Court will not undertake to investigate the names and identities of unnamed Defendants. Id. Because the Court is granting Plaintiff an opportunity to amend his claims, it will also give him leave to set forth sufficient identification for the John Doe Defendants.

### IV. CONCLUSION AND ORDER

The Court finds that Plaintiff's Complaint fails to state a claim upon which relief may be granted. The Court will provide Plaintiff time to file an amended complaint to address the deficiencies noted above. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). In his Amended Complaint, Plaintiff must demonstrate that the alleged incident resulted in a deprivation of her constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Plaintiff must also demonstrate that each Defendant personally participated in the deprivation of his rights. Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. Plaintiff should focus his Amended

1  Complaint on the allegedly retaliatory activities of the named Defendants.

2        Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint
3  be complete in itself without reference to any prior pleading.  As a general rule, an
4  amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55,
5  57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint no longer
6  serves any function in the case.  Therefore, in an amended complaint, as in an original
7  complaint, each claim and the involvement of each defendant must be sufficiently alleged.
8  The amended complaint should be clearly and boldly titled "Amended Complaint," refer to
9  the appropriate case number, and be an original signed under penalty of perjury.

10        Based on the foregoing, it is HEREBY ORDERED that:

11      1.    Plaintiff's complaint is dismissed for failure to state a claim, with leave to file
12          an amended complaint within thirty (30) days from the date of service of this
13          order;

14      2.    Plaintiff shall caption the document "Amended Complaint" and refer to the
15          case number 1:09-cv-1733-AWI-MJS (PC); and

16      3.    If Plaintiff fails to comply with this order, this action will be dismissed for
17          failure to prosecute and failure to state a claim upon which relief may be
18          granted.

20  IT IS SO ORDERED.

21  Dated:   December 9, 2010       /s/ *Michael J. Seng*
                                                        UNITED STATES MAGISTRATE JUDGE