# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN E. FIELDS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>T. LLOREN, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO.   1:09-cv-01733-AWI-MJS (PC)<br><br>ORDER RECOMMENDING DISMISSAL WITH PREJUDICE<br><br>(ECF No. 10)<br><br>PLAINTIFF'S OBJECTIONS, IF ANY, DUE IN THIRTY (30) DAYS |

**SCREENING ORDER**

**I.    PROCEDURAL HISTORY**

On October 2, 2009, Plaintiff Kevin E. Fields, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983.  (ECF No. 1.)  Plaintiff's Complaint was dismissed with leave to amend on December 10, 2010.  (ECF No. 9.)  Plaintiff filed his First Amended Complaint, now before the Court for screening, on December 17, 2010.  (ECF No. 10.)

*///*

## II. **SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

## III. **SUMMARY OF COMPLAINT**

The First Amended Complaint alleges the following named defendants violated Plaintiff's First Amendment rights: (1) Teresa Lloren, Staff Service Representative at Corcoran State Prison ("Corcoran") and (2) D.C. Battles, Correctional Sergeant at Corcoran.

Plaintiff alleges the following:

On May 5, 2008 Plaintiff requested permission from Defendant Battles to use the

phone pursuant to a court order.  Defendant Battles would not allow Plaintiff to make a phone call without approval from the litigation office.  (Compl. at 3.)  Plaintiff sent a copy of the order to Defendant Lloren the same day and requested that Lloren grant the approval required by Defendant Battles.  (Id. at 3, 4.)  Plaintiff was not granted permission to make the phone call.  (Id. at 4.)  On May 11, 2008 Plaintiff filed an emergency appeal, requesting "that Plaintiff be allowed to make his court ordered call immediately; [and] that the [Defendants] cease/desist retaliating against Plaintiff . . . ."  (Id.)  Defendant Lloren responded to Plaintiff's emergency appeal on June 16, 2008 by asserting that Plaintiff in fact made the court ordered phone call on May 8, 2008.  According to Plaintiff, he did not make a phone call.

On June 17, 2008 Defendant Lloren "authored a false rules violation report" charging Plaintiff with "abuse of the penal system."  (Id.)  Correctional Lieutenant F. Martinez voided Defendant Lloren's rules violation report, wiping it from Plaintiff's record.  (Id. at 5.)

Plaintiff maintains that the Defendant Lloren authored a false rules violation report and Defendant Battles endorsed it.  The Defendants submitted the report in retaliation for Plaintiff filing appeals complaining of their conduct.  (Id.)  Plaintiff concludes that the aforementioned conduct was a constitutional violation as it "had a chilling effect, . . . did not serve to advance any legitimate penological interest and/or correctional goal . . .", and caused him to suffer "an actual injury."  (Id.)  The Court will address the merits of Plaintiff's claim below.

**IV.    ANALYSIS**

To state a claim under Section 1983, a plaintiff must allege two essential elements:

3

(1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

Plaintiff seeks to allege an unconstitutional retaliation claim. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff alleges that (1) the Defendants filed a false rules violation charging Plaintiff with abuse of the appeal system (2) because (3) Plaintiff had previously filed an emergency appeal on May 11, 2008 complaining about the Defendants' conduct. Plaintiff further alleges that the rules violation filed by the Defendants (4) chilled Plaintiff's exercise of his

First Amendment rights and (5) it did not reasonably advance a legitimate correctional goal. (Compl. at 5.)

The First Amended Complaint fails to state a cognizable claim because it does not allege that either Defendant effected an adverse action against Plaintiff. The First Amended Complaint alleges that "Correctional Lieutenant/Senior Hearing Officer F. Martinez refused to adjudicate the rules violation report . . . . Then he authored a memorandum stating as follows: 'the . . . rules violation report has been voided. Please remove and discard the [report] from the central file.'" (Id.) The rules violation report in question was reviewed by a senior prison official and it was determined that the report had no merit and all record of the report would be destroyed. (Id.) Thus, as Plaintiff admits, Defendants' action resulted in no punishment. A valid retaliation claim requires some adverse action that "would chill a person of ordinary firmness" from engaging in that activity and must be pled in order to state a retaliation claim. Pinard v. Clatskanie School Dist. 6J, 467 F.3d 755, 770 (9th Cir. 2006). Without a finding of guilt and the issuance of some punishment, Plaintiff has not suffered an adverse act. See, Hudson v. Brian, 2009 WL 2151177, *1 (E.D. Cal. July 17, 2009) (rules violation accompanied by a punishment held to be an adverse act). His position that the Defendants' reports were false was vindicated by prison officials.

Plaintiff previously was given an opportunity to amend this complaint . (ECF No. 9.) He has added nothing to the new pleading that would show he was adversely affected by Defendant's allegedly wrongful acts. Moreover, the established fact that Defendants' false report was disregarded by prison officials and Plaintiff suffered no punishment as a result of it effectively precludes asserting a claim based thereon. Accordingly, no useful purpose

would be served by granting an additional opportunity to amend.

## IV. CONCLUSION AND RECOMMENDATIONS

Plaintiff's First Amended Complaint does not state a cognizable retaliation claim against either of the named Defendants.

Accordingly, it is HEREBY RECOMMENDED that:

This action be dismissed with prejudice for failure to state a claim under Section 1983.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: September 12, 2011     /s/ *Michael J. Seng*
ci4d6                          UNITED STATES MAGISTRATE JUDGE