**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KEVIN E. FIELDS, | Case No.: 1:09-cv-01733-AWI-MJS (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BE DENIED AND DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT BE GRANTED |
| v. | |
| T. LLOREN, et al., | |
| Defendants. | (ECF Nos. 36, 39) |
| | FOURTEEN-DAY OBJECTION DEADLINE |

I.     **INTRODUCTION**

Plaintiff Kevin E. Fields ("Plaintiff") alleges that discipline was initiated against him in retaliation for his having filed a prison grievance.  The evidence in support of his claim is Defendants Lloren and Battles's admission that the discipline was initiated in error and the fact  that the discipline followed soon after Plaintiff filed his grievance.  Defendants submit competent evidence that the disciplinary action against Plaintiff was not retaliatory but instead resulted from a simple clerical error which, along with the disciplinary action, was reversed upon discovery.  The inference drawn from the timing and the admitted error is insufficient to overcome Defendants' affirmative evidence that they had no retaliatory motive in initiating the discipline.  Accordingly, the Court recommends that Plaintiff's motion for

1   summary judgment be denied and Defendants' be granted, all as discussed in more detail

2   below.

3   **II.    PROCEDURAL HISTORY**

4          Plaintiff, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights

5   action pursuant to 42 U.S.C. § 1983 on October 2, 2009.  The action proceeds on Plaintiff's

6   December 17, 2010 amended complaint, against Defendants Lloren and Battles for

7   retaliating against Plaintiff for filing grievances.

8          On April 15, 2013, Plaintiff filed a motion for summary judgment on his First

9   Amendment claim against Defendants Lloren and Battles.   (Pl.'s Mot., ECF No. 36.)

10  Defendants filed an opposition (ECF No. 42) and a cross-motion for summary judgment

11  (ECF No. 39) on July 19, 2013.   Plaintiff filed what appears to be an opposition to

12  Defendants' cross-motion for summary judgment.[1]  (ECF No. 50.)  The parties' cross-motions

13  have been submitted on the record.  These findings and recommendations now issue based

14  thereon.  Local Rule 230(*l*).

15  **III.   LEGAL STANDARD**

16         **A.    Summary Judgment**

17         Any party may move for summary judgment, and the Court shall grant summary

18  judgment if the movant shows that there is no genuine dispute as to any material fact and the

19  movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a) (quotation marks

20  omitted); Washington Mutual Inc. v. United States, 636 F.3d 1207, 1216 (9th Cir. 2011).

21  Each party's position, whether it be that a fact is disputed or undisputed, must be supported

22  by (1) citing to particular parts of materials in the record, including but not limited to

23

24  _____

25  [1] Plaintiff has requested the Court take judicial notice of the contents of documents he submitted in opposition
    to Defendants' cross-motion for summary judgment.  (ECF Nos. 50, 51.) The documents consist of staff
    grievances, photocopy requests, prison guidelines, prison appeal decisions, chronos, the rules violation report
26  issued by Defendant Lloren and its subsequent history, state court pleadings, and discovery documents, among
    other items. (ECF Nos. 50, 51.) "A judicially noticed fact must be one not subject to reasonable dispute in that it
27  is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and
    ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid.
28  201(b).   The content of these documents is subject to reasonable dispute.  Accordingly, the Court will not take
    judicially notice of the same.  It will nevertheless construe them as reflections of Plaintiff's argument in
    opposition to Defendants' cross-motion for summary judgment.

1   depositions, documents, declarations, or discovery; or (2) showing that the materials cited do

2   not establish the presence or absence of a genuine dispute or that the opposing party cannot

3   produce admissible evidence to support the fact.  Fed. R. Civ. P. 56(c)(1) (quotation marks

4   omitted).  The Court may consider other materials in the record not cited to by the parties,

5   but it is not required to do so.  Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified

6   School Dist., 237 F.3d 1026, 1031 (9th Cir. 2001).

7         In resolving cross-motions for summary judgment, the Court must consider each

8   party's evidence.  Johnson v. Poway Unified School Dist., 658 F.3d 954, 960 (9th Cir. 2011),

9   cert. denied, 132 S.Ct. 1807.  Plaintiff bears the burden of proof at trial, and to prevail on

10   summary judgment, he must affirmatively demonstrate that no reasonable trier of fact could

11   find other than for him.  Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir.

12   2007).  Defendants do not bear the burden of proof at trial and in moving for summary

13   judgment, they need only prove an absence of evidence to support Plaintiff's case.  In re

14   Oracle Corp. Securities Litigation, 627 F.3d 376, 387 (9th Cir. 2010).

15         In judging the evidence at the summary judgment stage, the Court may not make

16   credibility determinations or weigh conflicting evidence, Soremekun, 509 F.3d at 984

17   (quotation marks and citation omitted), and it must draw all inferences in the light most

18   favorable to the nonmoving party and determine whether a genuine issue of material fact

19   precludes entry of judgment, Comite de Jornaleros de Redondo Beach v. City of Redondo

20   Beach, 657 F.3d 936, 942 (9th Cir. 2011), cert. denied, 132 S.Ct. 1566 (quotation marks and

21   citation omitted).

22         **B.      First Amendment – Retaliation**

23         "Within the prison context, a viable claim of First Amendment retaliation entails five

24   basic elements: (1) An assertion that a state actor took some adverse action against an

25   inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled

26   the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably

27   advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir.

28   2005).

1   The second element of a prisoner retaliation claim focuses on causation and motive.

2   See Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009).  A plaintiff must show that his

3   protected conduct was a "'substantial' or 'motivating' factor behind the defendant's conduct."

4   Id. (quoting Sorrano's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989).  Although

5   it can be difficult to establish the motive or intent of the defendant, a plaintiff may rely on

6   circumstantial evidence.  Bruce v. Ylst, 351 F.3d 1283, 1289 (9th Cir. 2003) (finding that a

7   prisoner established a triable issue of fact regarding prison officials' retaliatory motives by

8   raising issues of suspect timing, evidence, and statements); Hines v. Gomez, 108 F.3d 265,

9   267-68 (9th Cir. 1997); Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995) ("timing can

10  properly be considered as circumstantial evidence of retaliatory intent").

11  The third prong can be satisfied by various activities.  Filing a grievance is a protected

12  action under the First Amendment.  Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th

13  Cir. 1989).   Pursuing a civil rights legal action is similarly protected under the First

14  Amendment.  Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985).

15  With respect to the fourth prong, "[it] would be unjust to allow a defendant to escape

16  liability for a First Amendment violation merely because an unusually determined plaintiff

17  persists in his protected activity. . . ." Mendocino Envtl. Ctr. v. Mendocino County, 192 F.3d

18  1283, 1300 (9th Cir. 1999).  The correct inquiry is to determine whether an official's acts

19  would chill or silence a person of ordinary firmness from future First Amendment activities.

20  Rhodes, 408 F.3d at 568-69 (citing Mendocino Envtl. Ctr., 192 F.3d at 1300).

21  With respect to the fifth prong, a prisoner must affirmatively allege that "'the prison

22  authorities' retaliatory action did not advance legitimate goals of the correctional institution or

23  was not tailored narrowly enough to achieve such goals." Rizzo, 778 F.2d at 532.

24  **IV.   DISCUSSION**

25  **A.    Undisputed Facts**

26  **From the parties' submissions, the Court finds the following facts to be without**

27  **dispute:**

28

4

1.   Plaintiff is a prisoner of the California Department of Corrections and Rehabilitation ("CDCR") and was, at the time of the incidents alleged in this action, incarcerated in Corcoran State Prison's Security Housing Unit ("COR/SHU").

2.   On May 5, 2008, Plaintiff appeared before Kings County, California, Superior Court Judge Peter M. Schultz, who ordered that Plaintiff be allowed to make one phone call to a family member for the sole purpose of retaining counsel in a criminal action.

3.   Defendant Battles did not allow Plaintiff to call his family members on May 5, 2008.

4.   Plaintiff was not permitted to call his family on May 8, 2008.

5.   On May 11, 2008, Plaintiff filed an emergency staff complaint/CDC 602 appeal, Log. No. CSPC-5-08-3196, complaining that Defendants would not allow Plaintiff to make the court ordered phone call.

6.   Plaintiff was able to contact his family on May 15, 2008.

7.   After Plaintiff's May 15, 2008 call, Defendant Battles filed a CDC 128B chrono against Plaintiff incorrectly reflecting that Plaintiff had made the court ordered phone call on May 5, 2008.

8.   On June 16, 2008, Defendant Lloren issued a rules violation report against Plaintiff for "abuse of the appeals system to manipulate staff" (i.e., for filing the May 11 appeal even though, according to Defendant Battle's chrono, Plaintiff had made the call May 5.).

9.   Defendant Battles later clarified that there had been no court ordered phone-call on May 5, 2008; accordingly, the CDC 128B chrono filed against Plaintiff was withdrawn.

10.   On July 21, 2008, Defendant Lloren's rules violation report against Plaintiff was dismissed.

**B.     Summary of Plaintiff's Motion**

Plaintiff's case rests on his claim that Defendant Battles' chrono and Defendant Lloren's Rules Violation report were motivated by a desire to retaliate against Plaintiff for filing the staff grievance on May 11, 2008.  However, he cites no evidence in support of this

1   claim other than, perhaps, the fact, now acknowledged by Defendants, that the chrono and

2   rules violation report were issued in error.

3            **C.      Summary of Defendants' Opposition**

4            Defendants argue that there is no evidence of a retaliatory motive for their actions.

5   They also argue they are in any event entitled to qualified immunity for whatever actions they

6   did take.  (Defs.' Opp'n, ECF No. 42 at 4-7.)

7            Defendants deny any retaliatory motive and refer to prison documents which reflect

8   that the chrono and Rules Violation Report against Plaintiff resulted solely from a simple,

9   innocent, clerical error, i.e., mistakenly recording the date of Plaintiff's phone call as May 5

10  instead of May 15.  They note too that the mistaken Rules Violation Report was dismissed a

11  little over a month later after Defendant Battles noticed the error.  (Defs.' Mot., ECF No. 39-2

12  at 44.)

13           **D.      Defendants' Cross-Motion for Summary Judgment**

14           Defendants submit evidence in support of the following facts:

15           Plaintiff was housed in the CSP/SHU in 2008.  (Defs.' Fact, ECF No. 39-1 at 1.)

16  Defendants Battles was a correctional sergeant and Defendant Lloren was employed as a

17  staff services representative in the litigation office at CSP.  (Defs.' Facts 2-3.)

18           SHU inmates are not allowed to make telephone calls except on an emergency basis

19  as determined by prison staff members.  (Defs.' Fact 1.)

20           At some point after the hearing before Superior Court judge Peter M. Schultz, Plaintiff

21  asked Defendant Battles for permission to make the court ordered call.  (Defs.' Fact 8.)  On

22  May 8, 2008, Defendant Battles tried to contact the prison litigation coordinator to confirm

23  that Plaintiff was allowed to make the call, but he was unable to reach anyone and do so.

24  (Defs.' Fact 9.)

25           On May 15, 2008, Defendant Battles received authorization for Plaintiff to make the

26  phone call.  (Defs.' Fact 12.)  Plaintiff made the call on that date, but Defendant Battles

27  erroneously recorded the date of the call as May 5, 2008.  (Defs.' Fact 12-13.)

28           On June 17, 2008, in reliance on the mistaken report that Plaintiff had placed the call

    on May 5, 2011, and thus believing Plaintiff's May 11 complaint about being denied the call

1   was false, Defendant Lloren issued a disciplinary violation against Plaintiff for manipulating

2   prison staff and abusing the appeals system.  (Defs.' Facts 13, 17, and 18.)

3        Defendant Lloren's disciplinary action against Plaintiff was motivated by her mistaken,

4   but genuine, belief that Plaintiff was manipulating staff, not retaliation.  (Defs.' Facts 17-18.)

5   When she learned the truth, she caused the disciplinary action to be rescinded.  (Defs.' Facts

6   19, 22.)

7        Plaintiff cannot establish the existence of all elements required for a First Amendment

8   retaliation claim against either Defendant.  He cannot show that it was his grievance that

9   prompted Defendants to initiate disciplinary action against him.  He cannot show that

10  Defendants' actions inhibited Plaintiff's exercise of a First Amendment right.  He cannot show

11  that Defendants acted with anything other than legitimate penological goals.

12       **E.**    **Summary of Plaintiff's Opposition**

13       Plaintiff has filed no proper opposition to Defendants' motion for summary judgment.

14  Plaintiff requested and the Court granted several extensions of time to enable him to do so.

15  Ultimately he filed a number of documents and requested that the Court construe them as his

16  opposition to Defendants' motion.  (ECF Nos. 50, 51.)  These documents consist of staff

17  grievances, photocopy requests, prison guidelines, prison appeal decisions, chronos, the

18  Rules Violation Report issued by Defendant Lloren and its subsequent history, state court

19  pleadings, and discovery documents, among other items.  (ECF Nos. 50, 51.)  Plaintiff also

20  submits a declaration in opposition to Defendants' motion for summary judgment but it

21  consists of little more than his objections to Defendants' responses to requests for

22  admissions.  (ECF No. 51 at 43-52.)

23       Plaintiff's opposition adds nothing of value to his position.

24       **F.**    **Findings**

25       1.    Plaintiff's Motion for Summary Judgment

26       Plaintiff bears the burden of proof at trial.  To prevail on his motion for summary

27  judgment against Defendants Lloren and Battles, Plaintiff must affirmatively demonstrate that

28  no reasonable trier of fact could find other than for him.  Soremekun, 509 F.3d at 984.  If

1   Plaintiff meets his initial burden, Defendants are required to set forth specific facts showing

2   there is a genuine issue for trial.  Id.

3         Plaintiff's claim is premised on retaliatory conduct taken in response to his having filed

4   a grievance.  Plaintiff has a protected First Amendment right to file a grievance.  Watison v.

5   Carter, 668 F.3d 1108, 1114 (9th Cir. 2012); Brodheim, 584 F.3d at 1269.  However, Plaintiff

6   must show that his filing of the grievance was the substantial motivation for Defendant Lloren

7   and Defendant Battles's disciplinary actions against Plaintiff.  Brodheim, 584 F.3d 1262,

8   1271 (9th Cir. 2009) (citing Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir.

9   1989)).

10        Plaintiff has provided no evidence to support his belief that Defendants' actions were

11  in retaliation for his filing the grievance.  Mere belief and speculation do not create a factual

12  dispute for purposes of summary judgment.  Nelson v. Pima Community College, 83 F.3d

13  1075, 1081–82 (9th Cir. 1996) (citation omitted).

14        While the filing of the Rules Violation Report shortly after Plaintiff filed his grievance is

15  some circumstantial evidence of retaliatory intent, Plaintiff has shown nothing more to reflect

16  or  corroborate a retaliatory motive.  Vasquez v. County of Los Angeles, 349 F.3d 634, 646

17  (9th Cir. 2004); Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995) (upholding a grant of

18  summary judgment where there was no evidence of surrounding circumstances that could

19  show a retaliatory motive).  The inference which may be drawn from timing alone is not

20  sufficient to support a finding in Plaintiff's favor where, as here, it is countered by perfectly

21  plausible and contrary evidence.  While the Court may not weigh conflicting evidence or

22  assess the credibility of the witnesses, the evidence favoring Plaintiff must be sufficient for a

23  jury to return a verdict in his favor; evidence, such as that here, which is merely colorable

24  and not significantly probative will not suffice.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242,

25  249–50 (1986); T.W. Elec. Service, Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626,

26  630–32 (9th Cir.1987).

27        There is no evidence that Defendants were opposed to Plaintiff's grievance.  There is

28  evidence that Defendant Battle simply erred unknowingly and that Defendant Lloren relied on

    that error in a good faith belief it was accurate and thus that he had a legitimate penological

1    interest in initiating disciplinary action against Plaintiff.  This evidence is corroborated by the

2    fact that once the error was discovered, it and the resulting discipline were corrected without

3    any adverse consequence to Plaintiff.  The merely inferential evidence which might be drawn

4    form from the timing and sequence of events, i.e., that the discipline followed soon after

5    Plaintiff filed his grievance, is insufficient to support a verdict for Plaintiff at trial.[2]  Plaintiff's

6    motion for summary judgment is denied.

7                    2.        Defendants' Cross-Motion for Summary Judgment[3]

8            Defendants do not bear the burden of proof at trial.  To prevail on summary judgment;

9    they need only prove an absence of evidence to support Plaintiff's case.  In re Oracle Corp.

10   Securities Litigation, 627 F.3d at 387.

11           In this Circuit, for Plaintiff to defeat Defendants' motion for summary judgment, he

12   need "only put forth evidence of retaliatory motive that, taken in the light most favorable to

13   him, presents a genuine issue of material fact as to" Defendants' motivation.  Brodheim, 584

14   F.3d at 1271 (citing Bruce v. Ylst, 351 F.3d 1283, 1289 (9th Cir. 2003)) (internal quotation

15   marks omitted).  This requires Plaintiff to offer either direct evidence of retaliatory motive or

16   at least one of three general types of circumstantial evidence: (1) proximity in time between

17   the protected conduct and the alleged retaliation, (2) expressed opposition to the conduct, or

18   (3) other evidence that the reasons proffered by Defendants for the adverse action were

19   false and pretextual.  McCollum v. California Department of Corrections and Rehabilitation,

20   647 F.3d 870, 882 (9th Cir. 2011) (citing Allen v. Iranon, 283 F.3d 1070, 1077 (9th Cir. 2002))

21   (quotation marks omitted).

22           Direct evidence of improper motive is only rarely available, and this case presents no

23   exception.  Watison, 668 F.3d at 1114; Mendocino Envtl. Ctr., 192 F.3d at 1302.  Thus, the

24

25

26   _____

27   [2] Given this finding, the Court need not reach the questionable claim that the initiated, but quickly reversed, disciplinary action against Plaintiff could suffice as an "adverse" action "likely to chill" one's exercise of constitutional rights.

28   [3] Since the Court resolves Defendants' cross-motion for summary judgment in their favor on other grounds, it does not reach Defendants' qualified immunity argument.

1 | inquiry is whether Plaintiff has presented sufficient circumstantial evidence to raise a triable

2 | issue of fact.

3 | In this instance, the Court finds, as stated above, that Plaintiff has not presented

4 | evidence sufficient to raise a genuine issue of material fact as to Defendants' alleged

5 | retaliatory motive nor any evidence that Plaintiff's filing of a grievance was the substantial or

6 | motivating factor in Defendants' decision to initiate discipline against him.  Brodheim, 584

7 | F.3d 1262, 1271 (9th Cir. 2009) (citing Soranno's Gasco, Inc., 874 F.2d at 1314).

8 | Accordingly, the Court finds that Plaintiff has not met his burden of putting forth

9 | sufficient evidence to raise a triable issue of fact.   Defendants are entitled to summary

10 | judgment and this action should be dismissed.

11 | **V.      CONCLUSION AND RECOMMENDATION**

12 | Accordingly, the Court HEREBY RECOMMENDS that Plaintiff's motion for summary

13 | judgment, filed on April 15, 2013, be DENIED and that Defendants' cross-motion for

14 | summary judgment, filed on July 19, 2013, be GRANTED, thus concluding this action in its

15 | entirety.

16 | These Findings and Recommendations will be submitted to the United States District

17 | Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within

18 | **fourteen (14) days** after being served with these Findings and Recommendations, the

19 | parties may file written objections with the Court.  Local Rule 304(b).  The document should

20 | be captioned "Objections to Magistrate Judge's Findings and Recommendations."   The

21 | parties are advised that failure to file objections within the specified time may waive the right

22 | to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

23 |

24 | IT IS SO ORDERED.

25 |

26 | Dated:   March 3, 2014          /s/ *Michael J. Seng*

       UNITED STATES MAGISTRATE JUDGE

27 |

28 |